IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Derrick Antron Young, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:19-cv-3607-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden of Ridgeland Correctional Institution,[1] | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Derrick Antron Young ("Petitioner"), a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 21, 2019. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On May 26, 2020, Petitioner filed an Amended Petition. (ECF No. 7). Respondent then filed his return and a Motion for Summary Judgment, (ECF Nos. 28, 29). Petitioner filed a Response in Opposition to Respondent's motion on November 30, 2020 (ECF No. 51), and Respondent replied, (ECF No. 58).[2] Before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the Respondent's Motion for Summary Judgment be granted and that the Amended Petition be dismissed. (ECF No. 61). Petitioner filed objections to the Report on February 19, 2021, (ECF No. 73), and Respondent replied (ECF No. 76). Accordingly, this matter is now ripe for review.

---

[1] In the original Petition, Petitioner appeared to name the "Warden of Evans Correctional Institution" as the respondent in this action. (ECF No. 1 at 1). In the Amended Petition, however, Petitioner named Warden of Ridgeland Correctional Institution, where Petitioner is currently detained, as the Respondent. (ECF No. 7 at 1). Thus, the court now clarifies that the correct Respondent in this matter is Warden of Ridgeland Correctional Institution.

[2] Although not substantively relevant for purposes of this order, the court notes that also pending are Respondent's motion to strike certain unauthenticated documents from the Petition (ECF No. 27), and Petitioner's motions to file a Second Amended Petition (ECF No. 42), to expand the record (ECF No. 50), and for equitable tolling (ECF No. 75).

## I.     STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . d[id] not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation

2

for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## II.     PROCEDURAL HISTORY

In October 2010, a Greenville County Grand Jury indicted Petitioner for resisting arrest, possession of cocaine base with the intent to distribute within half a mile from a school, and conspiracy. (ECF No. 28-1 at 127–28, 131–32, 135–36). Then, in December 2010, Petitioner was further indicted for possession of cocaine base, possession of cocaine base within half a mile from a school, and resisting arrest with assault. *Id*. at 95–96, 99–100, 103–04. A few months later, in April 2011, Petitioner was indicted for possession of cocaine base with intent to distribute and possession of unlawful firearms. *Id*. at 107–108, 139–40. In June 2011, Petitioner was indicted for trafficking cocaine, trafficking cocaine base, and possession of marijuana. *Id*. at 111–12, 115–

16, 147–48. Then, in 2012, Petitioner was indicted for failing to stop for a blue light, possession of cocaine base with intent to distribute, resisting arrest, and two counts of possession of methylenedioxymethamphetamine (ecstasy/MDMA). *Id*. at 123–24, 143–44, 151–52, 155–56, 159–60. According to Respondent, Petitioner was also indicted for four crimes in Anderson County, South Carolina. (ECF No. 28 at 1).

On October 9, 2012, Petitioner appeared before the Honorable Letitia H. Verdin in the Greenville County Court of General Sessions, represented by Christopher T. Posey, Esquire ("Plea Counsel"). (ECF No. 28-1 at 3, 16, 24). At that time, pursuant to a plea agreement, Petitioner pleaded guilty to the indictments for failure to stop for a blue light, possession of cocaine base with intent to distribute, resisting arrest, trafficking cocaine, and trafficking cocaine base. *Id*. at 20–21. Petitioner also pleaded guilty to four charges from Anderson County: weapons sale through delivery of a pistol to and possession by certain persons unlawful, possession of cocaine with intent to distribute, and two counts of first-degree assault and battery. *Id*. at 21; *see also id*. at 24. Judge Verdin accepted Petitioner's pleas and sentenced him to concurrent sentences for a total of thirteen (13) years. *Id*. at 43–44; *see also id*. at 102, 106, 110, 114, 122. Petitioner did not directly appeal his convictions or sentences.

**First PCR Application**

On August 21, 2013, Petitioner filed a *pro se* application for post-conviction relief ("PCR"), alleging violations of his 4th, 5th, 6th, and 14th Amendment rights and asserting ineffective assistance of counsel. *Id*. at 7–15. On August 28, 2014, the Honorable James R. Barber, III held an evidentiary hearing on Petitioner's PCR application. *Id*. at 46–93. Petitioner was present at the hearing and represented by Karen Horlbeck, Esquire ("PCR Counsel"). *Id*. at 46, 49. Both Petitioner and Plea Counsel testified at the hearing. *Id*. at 52–91; *see also* (ECF No.

4

28-2 at 3). Following the hearing, on November 17, 2014, Judge Barber issued an order denying Petitioner's PCR application with prejudice, finding that Petitioner failed to "establish[] any constitutional violations or deprivations before or during his guilty plea and sentencing proceedings[,]" that "[Plea Counsel] was not deficient in any manner and [Petitioner] was not prejudiced by [Plea Counsel's] representation[,]" and that the court could not exercise jurisdiction over Petitioner's claims regarding his Anderson County charges, because Petitioner failed to file his PCR application in the county of conviction. *See* (ECF No. 28-2 at 3–9).

Petitioner appealed the PCR court's order and subsequently filed, through counsel, a Petition for a Writ of Certiorari to the South Carolina Supreme Court on February 6, 2015. (ECF Nos. 28-3 at 1–3; 28-4 at 1–12). On appeal, Petitioner raised the following two issues:

> 1. Did the [PCR] court err in holding that petitioner's [Plea Counsel] was not ineffective in the underlying proceedings by finding that the cumulative effect of [Plea Counsel's] errors in failing to provide full and fair representation of petitioner's rights under counsel's Constitutional obligation and failing to investigate the petitioner's case fully by questioning and/or subpoenaing necessary witnesses?
>
> 2. Did the [PCR] court lack jurisdiction over the [Petitioner] because he plead guilty in Greenville County, yet the alleged offenses took place in Anderson County?

(ECF No. 28-4 at 4). On November 9, 2016, the South Carolina Supreme Court denied certiorari, and the remittitur was filed with the Greenville County Clerk of Court on December 15, 2016. (ECF Nos. 28-7 at 1; 28-8 at 1–2).

**Second PCR Application**

On August 27, 2015, while the appeal of his first PCR application was still pending, Petitioner filed a second *pro se* application for PCR on the grounds of "newly-after discovered evidence," and ineffective assistance of both Plea Counsel and PCR Counsel. (ECF No. 28-9 at 3). Simultaneously therewith, Petitioner also filed a motion to consolidate his second PCR

5

application with the pending appeal of his first application, *id*. at 27– 28; (ECF No. 28-10), which the South Carolina Supreme Court denied, (ECF No. 28-11).  On November 7, 2017, the PCR court issued a conditional order of dismissal, granting Petitioner twenty (20) days to show cause why the Application should not be dismissed in its entirety.  (ECF No. 28-14).  Petitioner filed multiple motions and responses to the conditional order; however, on February 14, 2019, the Honorable Perry H. Gravely issued a final order dismissing Petitioner's second PCR application as untimely pursuant to S.C. Code Ann. § 17-27-45(a) and finding, again, that the PCR court lacked jurisdiction to consider any challenges related to the Anderson County charges.  (ECF No. 28-15 at 3–5).

Petitioner filed a notice of appeal as to his second PCR application and the South Carolina Supreme Court responded with a letter informing Petitioner that, pursuant to Rule 243(c) of the South Carolina Appellate Court Rules, he was required to submit a written explanation as to why the PCR court's determination—that the application was untimely under the statute of limitations—was improper.  (ECF No. 28-16).  Petitioner filed his explanation on June 11, 2019, (ECF No. 28-17 at 1–23), and on September 19, 2019, the Supreme Court dismissed Petitioner's appeal noting "Petitioner has failed to show that there is an arguable basis for asserting that the determination by the lower court was improper."  (ECF No. 28-18).  The remittitur was filed with the Greenville County Clerk of Court on October 10, 2019.  (ECF No. 28-19).

**Third PCR Application**

On December 2, 2015, a few months after initiating his second PCR proceeding in Greenville County, Petitioner filed a third PCR application in Anderson County asserting that the Greenville County Court of General Sessions lacked jurisdiction to impose a sentence, and claiming ineffective assistance of counsel and "possibly after-discovered evidence."  (ECF No.

6

28-20 at 3). On March 27, 2017, the court issued a conditional order of dismissal, finding that Petitioner's application was untimely under the statute of limitations, (ECF No. 28-22 at 4), and a final order dismissing the application was entered on April 6, 2018, (ECF No. 28-24). Petitioner subsequently filed a motion to alter or amend the judgment dismissing his application, (ECF No. 28-25 at 1–3), which the PCR court denied on October 19, 2018, (ECF No. 28-26).

Petitioner filed a notice of appeal as to his third PCR action on November 13, 2018. (ECF No. 28-27 at 1–2). The South Carolina Supreme Court transferred jurisdiction over the appeal to the Court of Appeals and, on November 16, 2018, the Court of Appeals issued a letter instructing Petitioner to submit a written explanation. (ECF Nos. 28-28; 28-29). Petitioner submitted his explanation on December 11, 2018, (ECF No. 28-30), but the Supreme Court found that Petitioner's arguments were without merit and dismissed the appeal on February 20, 2019. (ECF No. 28-31).

**First Federal Habeas Petition**

Petitioner filed his first federal petition for Writ of Habeas Corpus on August 12, 2016, while his first PCR action was on appeal and his second and third PCR actions were still pending. *See Young v. Warden of Evans Corr. Inst.*, C/A No. 6:16-cv-02849-TMC, Dkt. No. 1 (D.S.C.).[3] The respondent filed a motion to dismiss, arguing Petition failed to exhaust his state court remedies prior to filing. *See id*. at Dkt. No. 15. On September 19, 2017, the undersigned granted the respondent's motion and Petitioner's petition was dismissed without prejudice. *Id*. at Dkt. No. 59. Petitioner appealed, *id*. at Dkt. No. 69, and the Fourth Circuit Court of Appeals dismissed the appeal on July 26, 2018, *id*. at Dkt. Nos. 74, 75. Subsequently, Petitioner filed two letters seeking

---

[3] *See, e.g.*, *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "the most frequent use of judicial notice is in noticing the content of court records" (internal quotation marks omitted)).

to reopen his case, *id*. at Dkt. Nos. 76, 83, which the court denied on April 20, 2020, *id*. at Dkt. No. 87.

**Instant Action**

Petitioner initiated this action on October 21, 2019. (ECF No. 1). On May 26, 2020, Petitioner filed an Amended Petition alleging the first PCR court violated his right to equal protection under the law and asserting multiple claims of ineffective assistance of counsel. (ECF No. 7); *see also Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co*., 226 F.3d 160, 162 (2d Cir. 2000) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'"); *see also Ohio River Valley Envtl. Coalition, Inc. v. Timmermeyer*, 66 Fed. App'x 468, 471 (4th Cir. 2003) (noting that once a pleading has been amended, the original pleading "no longer perform[s] any function in the case" (emphasis omitted)). On September 30, 2020, Respondent filed his return and memorandum, (ECF No. 28), as well as motions to strike (ECF No. 27) and for summary judgment (ECF No. 29). Petitioner filed responses in opposition to both motions (ECF Nos. 48; 51), and Respondent replied (ECF Nos. 53; 58). On October 23, 2020, Petition filed a motion for leave amend or correct his Amended Petition. (ECF No. 42). Respondent filed a response to Petitioner's motion (ECF No. 44), and Petitioner replied (ECF No. 47). Finally, on November 30, 2020, Petitioner filed a motion to expand the record (ECF No. 50), to which Respondent filed a response on December 11, 2020 (ECF No. 59).

The magistrate judge entered his Report on January 5, 2021, recommending the undersigned grant Respondent's motion for summary judgment (ECF No. 29) and deny the other pending motions as moot. (ECF No. 61). As noted above, Petitioner filed objections to the Report (ECF No. 73), and this matter is now ripe for review.

### III.    THE MAGISTRATE JUDGE'S REPORT

In his Report, the magistrate judge recommends that the undersigned grant Respondent's Motion for Summary Judgment and deny the Amended Petition. (ECF No. 61 at 12). The magistrate judge first addressed Respondent's argument that this action is untimely. *Id*. at 9–12. The magistrate judge correctly noted that, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[4] a federal habeas petition must be filed within one year of "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Id*. at 9 (quoting 28 U.S.C. § 2244(d)(1)(A)). Further, "state collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings[.]" *Id*. (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

In this case, the parties both agree that the one-year statute of limitations began to run on October 20, 2012 and continued to run until Petitioner filed his first PCR application on August 21, 2013, resulting in a lapse of 305 days. *Id*. at 9–10; *see also* (ECF Nos. 28 at 15; 51 at 13–14). The magistrate judge found that the statute of limitations was tolled while the first PCR action was pending but started to run again on December 16, 2016 after the appeal remittitur was filed with the Greenville County Clerk of Court. (ECF No. 61 at 10). The magistrate judge then noted that Petitioner did not initiate this action until October 2019, almost three years after the statute of limitations began to run again. *Id*.

As to Petitioner's argument that the statute of limitations remained tolled after December 16, 2016 because of Petitioner's other pending actions, the magistrate judge concluded that "neither the federal habeas petition nor the additional PCR applications tolled the statute of

---

[4] Pub. L. No. 104–132, Title I, §§ 101, 106, 110 Stat. 1217, 1220.

9

limitations." *Id*. (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that time-barred PCR applications are "not 'properly filed,'" and, therefore, are "not entitled to statutory tolling under § 2244(d)(2)"); *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of [petitioner's] first federal habeas petition.").

The magistrate judge next addressed Petitioner's argument that the state PCR courts erred in dismissing his second and third PCR applications as untimely, because he filed them within one year of receiving newly discovered evidence as permitted under S.C. Code Ann. § 17-27-45(C). *Id*. at 10–11. Specifically, the magistrate judge found that Petitioner's argument raises a question of state law and, therefore, falls outside the province of a federal habeas court. *Id*. at 11; *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("reemphasiz[ing] that it is not the province of a federal habeas court to reexamine state-court determinations on state law questions").

The magistrate judge then turned to Petitioner's argument that, based on the Fourth Circuit's opinion in *Woodfolk v. Maynard*, 857 F.3d 531 (4th Cir. 2017), the statute of limitations for his habeas petition had not yet run. (ECF No. 61 at 11–12). The magistrate judge noted that, unlike the case at hand, the petitioner in *Woodfolk* appealed his conviction and sentence and the matter was remanded for resentencing. *Id*. The Fourth Circuit clarified that "a judgment does not become final until a person is sentenced and thus, the limitations period generally does not commence until both the petitioner's conviction and sentence are final." *Id*. at 12 (citing *Woodfolk*, 857 F.3d at 542). Consequently, in *Woodfolk*, the statute of limitations did not begin to run until the Fourth Circuit issued a mandate in the petitioner's resentencing appeal such that his § 2254

10

petition was timely. *Id*. (citing *Woodfolk*, 857 F.3d at 543). In this case, on the other hand, Petitioner was convicted and sentenced on October 9, 2012 and did not file a direct appeal, so the case was never remanded for resentencing. Moreover, as the magistrate judge noted, Petitioner conceded that the statute of limitations began to run on October 20, 2012. *Id*. Accordingly, the magistrate judge concluded that the statute of limitations expired before Petitioner commenced this action and, therefore, Respondent is entitled to summary judgment. *Id*. The magistrate judge further recommended that the additional outstanding motions be denied as moot. *Id*.

## IV.     DISCUSSION

Although Petitioner filed objections to the Report, Petitioner makes no specific challenges to any of the magistrate judge's findings or conclusions. *See* (ECF No. 73). Instead, Petitioner's objections are non-specific and entirely unrelated to the dispositive portions of the Report. Indeed, Petitioner does not challenge or even address the magistrate judge's conclusion that this action is untimely under the AEDPA. *See id*. Rather, Petitioner's objections appear to merely repeat allegations and arguments raised in the Amended Petition and his summary judgment briefing regarding his claims of ineffective assistance of counsel and his second PCR action, *see* (ECF Nos. 7, 51), which the magistrate judge has already thoroughly considered, *see* (ECF No. 61). It is well-settled in this Circuit that "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also, e.g.*, *Howard*, 408 F. Supp. 3d at 726 (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file

11

specific objections). Indeed, a district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted).

Nevertheless, liberally construing the objections, Petitioner asserts that the magistrate judge erred (1) in finding that the PCR court's determination that Petitioner failed to show the newly discovered evidence he raised could not have been discovered prior to his guilty plea constitutes a question of state law outside the province of a federal habeas court; and (2) in overlooking evidence from Petitioner's second PCR application that "plea counsel previously denied the existence of any recordings in any of the applicant's cases underlying his guilty plea[.]" (ECF No. 73 at 3). As to Petitioner's first argument, it is well-established that the effect of newly discovered evidence in a state criminal action is a question of state law and does not constitute a "cognizable [ground for relief] in federal habeas corpus." *Cyrus v. Ballard*, Civ. A. No. 1:12-09341, at *30 (S.D. W. Va. Sept. 16, 2015) (citing *Estelle*, 502 U.S. at 67–68). This objection simply conveys Petitioner's disagreement with the Report and controlling federal precedent. Objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report).

In support of his second argument, Petitioner relies on his own self-serving allegation from his second PCR application and argues that this alone "is sufficient to show that plea counsel was ineffective for failure to obtain the video and audio recordings[.]" (ECF No. 74 at 3–4). As an initial matter, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Wagner v. United States*, 377 F. Supp. 2d 505, 509 (D.S.C. 2005), *appeal dismissed*, 146 Fed. App'x 701 (4th Cir. 2005); *see also Mann v. United States*, 66 F. Supp. 3d 728, 742 (E.D. Va. 2014) (noting "after-the-fact, self-serving assertions are insufficient to demonstrate ineffective assistance of counsel"). As such, Petitioner cannot establish any error on the part of the PCR court for dismissing his application based solely on Petitioner's own allegation that Plea Counsel failed to inform him of discoverable evidence. Moreover, as the second PCR court noted, "under S.C. Code [Ann.] § 17-27-45(c), a newly discovered evidence claim can be timely raised . . . within one year of when, by the exercise of due diligence such evidence *could have been* ascertained." (ECF No. 28-15 at 3 (emphasis in original)). Applying this statute to Petitioner's claims, the PCR court found that Petitioner "fail[ed] to show how these video and audio recordings were not readily discoverable at the time of his plea or his previous [PCR] action" and "wholly fail[ed] to provide [the] Court with any reason he could not have obtained this information prior to his first [PCR] matter." *Id*. Thus, even if Petitioner could identify some error in PCR court's analysis and conclusion—which he does not—Petitioner cannot establish a cognizable claim for habeas corpus relief on this ground because, "[a]s the Supreme Court has made clear, 'federal habeas corpus relief does not lie for errors of state law.'" *Collins v. Clarke*, 642 Fed. App'x 212, 217 (4th Cir. 2016) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Accordingly, Petitioner has failed to set forth any specific

13

objections to the Report and the court need only review the Report for clear error. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

Having thoroughly reviewed the record, the court finds no clear error in the magistrate judge's Report, (ECF No. 61), and is aware of no reason to deviate from the Report's recommended disposition. The court, therefore, **ADOPTS** the magistrate judge's Report, *id*., and incorporates it herein. Accordingly, the Respondent's Motion for Summary Judgment (ECF No. 29) is **GRANTED** and Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 7) is **DENIED**. Respondent's motion to strike (ECF No. 27) and Petitioner's motions to further amend his petition (ECF No. 42), expand the record (ECF No. 50), and for equitable tolling (ECF No. 75) are hereby **DENIED as moot**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
May 5, 2021